IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALLEN L. NICKLASSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 03-08001-CV-W-GAF |
| | ) |
| DON ROPER, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Presently before the Court is Petitioner Allen L. Nicklasson's ("Petitioner") Motion for Relief from Judgment denying his petition for writ of habeas corpus pursuant to Federal Rule of Civil Procedure 60(b). (Doc. # 49). Specifically, Petitioner requests relief from judgment due to the Supreme Court's decision in *Martinez v. Ryan*, — U.S. —, 132 S. Ct. 1309 (2012). (*Id.*). In the alternative, Petitioner requests leave to file a supplemental petition for writ of habeas corpus. (*Id.*). Respondent Don Roper ("Respondent") opposes. (Doc. # 55). For the reasons set forth below, Petitioner's Motion is DENIED.

## DISCUSSION

### I.      FACTS

A jury in the circuit court for Lafayette County, Missouri convicted Petitioner of first-degree murder for shooting a man twice in the head at close range with a pistol. *State v. Nicklasson*, 967 S.W.2d 596, 603 (Mo. 1998) [hereinafter *Nicklasson I*]. The jury recommended the death penalty, which the trial court imposed. *Id*. Petitioner filed his direct appeal to the Missouri Supreme Court. *See generally id*. The Missouri Supreme Court affirmed the judgment of guilt and the sentence of death. *Id*. at 622.

1

Petitioner filed a post-conviction relief motion under Missouri Supreme Court Rule 29.15. *Nicklasson v. State*, 105 S.W.3d 482, 483 (Mo. 2003) [hereinafter *Nicklasson II*]. During his initial state post-conviction proceeding, Petitioner raised twelve (12) claims alleging ineffective assistance of trial and direct-appeal counsel. (Doc. # 29-1 Ex. F ("Amended Rule 29.15 Motion")). Petitioner alleged, among other things, that: (1) trial counsel was ineffective for failing to allow Petitioner to testify on his behalf ("Claim 17"); (2) trial counsel was ineffective for failing to call medical witness Dr. Logan to rebut testimony that Petitioner's mental condition was the result of a mental disease and not voluntary intoxication ("Claim 18"); (3) direct-appeal counsel was ineffective for failing to specifically argue why 266 additional exhibits should have been admitted at trial ("Claim 21"); and (4) direct-appeal counsel was ineffective for failing to preserve the issue regarding Dale Lent's ("Lent") testimony as inadmissible expert testimony in "tracking" ("Claim 22").[1] (*Id*. at 18-20, 26-32, 38-40). The motion court denied Petitioner relief as to all claims. (Doc. # 29-1 Ex. F ("Motion Court's Judgment"), pp. 32-33).

As to Claim 17, the motion court found Petitioner was only considering testifying at trial and Petitioner offered no evidence as to what he would have testified. (*Id*. at 19). Because Petitioner did not demonstrate to what he would have testified and failed to show he conclusively desired to testify, the motion court concluded Petitioner failed to show he was prejudiced by any alleged failure to call him as a witness. (*Id*. at 20).

---

[1] In Petitioner's Amended Rule 29.15 Motion, Claims 17, 18, 21, and 22 were Grounds 5, 6, 9, and 12. Petitioner raised these Claims again in his first Petition for writ of habeas corpus to this Court but labeled them as Claims 17, 18, 21, and 22. (Doc. # 15). For clarity purposes, the Court will refer to any grounds or claims that raise the above four (4) arguments as Claims 17, 18, 21, and 22.

2

Regarding Claim 18, the motion court found there was substantial evidence presented at trial that Petitioner was under the influence of a controlled substance and that his mental condition was due to involuntary intoxication. (*Id.*). Petitioner also did not call Dr. Logan at his initial state post-conviction hearing; thus, there was no evidence offered before the motion court as to whether Dr. Logan would have opined about Petitioner's mental state. (*Id*. at 20-21). Because there was no evidence offered, the motion court concluded Petitioner failed to demonstrate his trial counsel was ineffective or that he was prejudiced. (*Id*. at 21).

The motion court also denied Claim 21. On direct appeal, counsel challenged the trial court's exclusion of 266 exhibits. (*Id*. at 24). However, direct-appeal counsel only specifically described some exhibits while generally describing others. (*Id*.). Further, direct-appeal counsel did not request leave to file a larger brief to include more argument regarding those exhibits. (*Id*.). The Missouri Supreme Court held Petitioner waived his claim because he did not specifically argue the exhibits' admissibility. (*Id*.). The motion court also noted initial state post-conviction counsel failed to argue specifically why these exhibits were admissible and found these exhibits to be cumulative of other admitted evidence. (*Id*. at 24-25). Additionally, the motion court concluded Petitioner failed to demonstrate with reasonable probability that the trial court abused its discretion in failing to admit this evidence and determined Petitioner failed to show that the Missouri Supreme Court would have permitted the filing of an oversized brief to make further argument. (*Id*.). Ultimately, the motion court concluded Petitioner failed to demonstrate he was prejudiced by direct-appeal counsel's alleged ineffectiveness. (*Id*. at 26).

Finally, regarding Claim 22, the motion court found proper foundation was laid for Lent's experience in tracking. (*Id*. at 30). Rather than object to Lent's expert conclusions at trial, trial counsel objected that the terminology Lent used when describing the tracks was

3

misleading to the jury. (*Id*.). On direct appeal and before the motion court, Petitioner presented no evidence that Lent's testimony was an improper expert opinion. (*Id*. at 31). Because Petitioner presented no evidence at either hearing, the motion court concluded he abandoned his claim that Lent's expert testimony was improper. (*Id*. at 31-32). According to the motion court, without any evidence offered at either level, the motion court could not conclude that direct-appeal counsel was ineffective for failing to preserve this issue. (*Id*. at 31). The motion court further concluded that trial counsel's objection to Lent's testimony was meritless because the terminology Lent used was clearly defined to the jury. (*Id*. at 32). Thus, the motion court concluded Petitioner would have failed to demonstrate prejudice. (*Id*.).

Petitioner appealed to the Missouri Supreme Court. *See generally Nicklasson II*, 105 S.W.3d 482. Petitioner asserted only two (2) arguments in his state post-conviction appellate brief. (Doc. # 29-1 Ex. H ("Movant's Brief on Collateral Appeal"), pp. 8-10). None of the claims raised were Claims 17, 18, 21, or 22. (*See generally id*.). The Missouri Supreme Court denied Petitioner relief on the two (2) claims raised. *Nicklasson II*, 105 S.W.3d at 487.

On September 30, 2004, Petitioner filed a Petition for writ of habeas corpus in this Court. (Doc. # 15). Petitioner raised Claims 17, 18, 21, and 22, among others, making the same arguments he made during his initial state post-conviction proceeding. (*Id*. at 41-43, 46-55). This Court denied Petitioner relief. (Doc. # 32). As to Claims 17 and 18, this Court concluded the motion court reasonably determined those claims were meritless due to Petitioner's failure to prove them and such determinations were entitled to deference. (*Id*. at 31). As to Claim 21, this Court agreed with the motion court's conclusion that Petitioner failed to sufficiently plead his claim. (*Id*.). Additionally, this Court found Petitioner's failure to sufficiently plead Claim 21 resulted in procedural default and he failed to demonstrate good cause and actual prejudice to

4

overcome this default. (*Id*. at 31-32). As to Claims 17, 18, 21, and 22, this Court concluded Petitioner procedurally defaulted because he failed to raise these claims on post-conviction appeal to the Missouri Supreme Court. (*Id*.). Further, this Court concluded Petitioner failed to argue good cause and actual prejudice to overcome this procedural default. (*Id*.).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits relief from final judgments under several sets of circumstances:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by the opposing party; (4) a void judgment; (5) a satisfied, released, discharged, reversed, or vacated judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Petitioner does not specify under which provision of Rule 60(b) he moves for relief. However, because Petitioner asserts there has been a change of law justifying relief, and no provision of Rule 60(b) specifically addresses a change-of-law circumstance, the Court assumes Petitioner moves for relief under Rule 60(b)(6). Under Rule 60(b)(6), relief is only appropriate in extraordinary circumstances. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007) (citation omitted). Granting relief under Rule 60(b)(6) is "exceedingly rare" because it requires an "'intrusion into the sanctity of a final judgment.'" *Id*. (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)).

## III.  ANALYSIS

Petitioner requests this Court permit him to assert his ineffective assistance of counsel Claims 17, 18, 21, and 22. (Doc. # 49). This Court held he procedurally defaulted on Claims 17, 18, 21, and 22. According to Petitioner, the Supreme Court's decision in *Martinez* demonstrates good cause to excuse his procedural default.

5

"'Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules.'" *Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (quoting *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009)). Under Missouri law, a petitioner must present his claim "at each step of the judicial process in order to avoid default." *Id.* at 1087 (quoting *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994)) (internal quotation marks omitted). A claim presented to the Missouri motion court in a Rule 29.15 post-conviction proceeding, but not presented on appeal, is deemed abandoned. *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996) (citing *Sloan v. Delo*, 54 F.3d 1371, 1382 (8th Cir. 1995)). A petitioner, therefore, will be procedurally barred from raising that claim on habeas review to a federal district. *See id.* (agreeing with the district court's denial of a petitioner's claim due to procedural default when that claim was raised during the 29.15 motion but not advanced on appeal). A petitioner who "defaults on his federal claims in state court because of a state procedural rule is barred from federal habeas [relief] unless the [petitioner] can show cause and prejudice." *Arnold*, 675 F.3d at 1087 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Petitioner claims good cause exists under *Martinez*. The Supreme Court in *Martinez* held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, . . . counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320. According to the Supreme Court, its holding was a limited qualification of its prior precedent in *Coleman*, which held that attorney negligence in a post-conviction proceeding did not establish cause to overcome procedural default. *Arnold*, 675 F.3d

6

at 1087 (quoting *Martinez*, 132 S. Ct. at 1319). Further, *Martinez*'s holding was expressly limited: the holding "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial," "including appeals from initial-review collateral proceedings." *Martinez*, 132 S. Ct. at 1320 (citations omitted). In the present case, *Martinez* does not offer Petitioner good cause, and thus, it is not an extraordinary circumstance justifying relief from judgment.

A. **Petitioner's Claim for Ineffective Assistance of State Post-Conviction Appellate Counsel**

Throughout Petitioner's present Motion, it is unclear if Petitioner is attempting to argue his initial state post-conviction counsel or his state post-conviction appellate counsel was ineffective. If Petitioner is arguing his state post-conviction appellate counsel was ineffective for failing to raise Claims 17, 18, 21, and 22 before the Missouri Supreme Court, Petitioner's Motion must fail because *Martinez* does not offer him relief. As stated above, *Martinez*'s holding was limited to claims that initial state post-conviction counsel was ineffective; *Martinez* does not extend to ineffective-assistance claims on appeal from the initial state post-conviction proceeding. *Id.* at 1320. Thus, *Martinez* provides Petitioner no relief to establish cause from his procedural default for his state post-conviction appellate counsel's failure to raise Claims 17, 18, 21, and 22 on appeal to the Missouri Supreme Court. To provide Petitioner such relief would be extending *Martinez* beyond initial state post-conviction proceeding errors, which the Supreme Court expressly prohibited.

B. **Petitioner's Claim for Ineffective Assistance of Initial State Post-Conviction Counsel as to Claims 18, 21, and 22**

Petitioner presented Claims 18, 21, and 22 before the motion court at his initial state post-conviction proceeding. However, in Petitioner's present Motion, Petitioner does not argue his

7

Case 4:03-cv-08001-GAF   Document 56   Filed 08/19/13   Page 7 of 13

initial state post-conviction counsel was ineffective with regard to these Claims. (*See generally* Doc. # 49). Because Petitioner does not assert his initial state post-conviction counsel was ineffective, there is no basis to apply *Martinez* to demonstrate good cause to overcome his procedural default. Instead, Petitioner merely reasserts these Claims, making the same arguments he did before the motion court. Petitioner even goes so far as to state these claims "never received the appellate review [they] deserve[]." (Doc. # 49, p. 23). That is simply not the case. Petitioner presented each of these Claims to the motion court. The motion court denied Petitioner relief on each claim, determining Petitioner either failed to establish his counsel were ineffective or that he was prejudiced. Reasserting arguments already heard during the initial state post-conviction proceeding without arguing initial state post-conviction counsel was ineffective does not establish good cause under *Martinez*. Thus, Petitioner has not demonstrated extraordinary circumstances to warrant Rule 60(b)(6) relief.

C. **Petitioner's Claim for Ineffective Assistance of Initial State Post-Conviction Counsel as to Claim 17**

Petitioner attempts to argue his initial state post-conviction counsel was ineffective only with regard to Claim 17. As to Claim 17, the motion court denied Petitioner relief because he failed to describe what his testimony would been had he actually testified at trial; because the motion court had no evidence whether his testimony would have been beneficial to him at trial, the motion court concluded he failed to demonstrate prejudice. (Motion Court's Judgment, pp. 19-20). In Petitioner's current Motion, Petitioner argues his initial state post-conviction counsel was ineffective for failing to describe what his testimony would have been had he actually testified. (Doc. # 49, p. 8). However, while Petitioner may have shown cause as to Claim 17, Petitioner has not demonstrated he was prejudiced. *See Arnold*, 675 F.3d at 1087 (citing *Coleman*, 501 U.S. at 750) (requiring cause and prejudice to overcome procedural default).

8

The motion court found there was only equivocal evidence that Petitioner actually wanted to testify at trial. (Motion Court's Judgment, p. 19). The motion court's determination of fact is presumed correct and can only be rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Petitioner contends, in a wholly conclusory fashion, that he did not waver in his desire to testify at trial. (Doc. # 49, p. 9). Petitioner's conclusory and unsubstantiated assertion fails to rebut the motions court's factual determination by clear and convincing evidence. Even if Petitioner had cause to overcome default due to his initial state post-conviction counsel's ineffectiveness, he failed to show prejudice because the evidence before the motion court demonstrated, at best, an equivocal desire to testify. This does not meet the standard to overcome procedural default. Because he has not demonstrated a basis to overcome procedural default, *Martinez* does not offer Petitioner extraordinary circumstances warranting Rule 60(b)(6) relief.

**D.     The Motion Court's Application of *Strickland***

While this Court determined Petitioner was procedurally barred from raising Claims 17, 18, 21, and 22 in his first Petition (Doc. # 31, pp. 31-32), Petitioner's first Petition would additionally have been denied because the motion court reasonably applied federal law when it denied Claims 17, 18, 21, and 22.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a writ of habeas corpus may not be granted unless the Missouri state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." *See* 28 U.S.C. § 2254(d). A state court decision involves an unreasonable application of clearly established federal law if the state court

9

decision unreasonably and erroneously applied federal law. *Nicklasson v. Roper*, 491 F.3d 830, 834 (8th Cir. 2007) (quoting *Williams v. Taylor*, 529 U.S. 362, 410-11 (2000)).

Claims 17, 18, 21, and 22 all raise ineffective assistance of counsel claims. A claim for ineffective assistance of counsel is measured by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). For a petitioner to prevail on an ineffective assistance of counsel claim, a petitioner must meet a two-prong test: a petitioner must demonstrate (1) "counsel's representation fell below the minimum standards of professional competence" and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687-88. Under the first prong of the *Strickland* test, there is a strong presumption that counsel's challenged actions or omissions were sound strategy under the circumstances. *Id.* at 689. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* Under the second prong of the *Strickland* test, a movant must prove there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently. *Id.* at 694. Failure to satisfy both is fatal to the claim. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (citation omitted) (explaining there is no need to reach the performance prong if the court determines the petitioner suffered no prejudice from the alleged ineffectiveness).

As discussed above, with regard to Claim 17, the motion court determined there was conflicting evidence as to whether Petitioner actually wanted to testify at trial. Under AEDPA, this Court presumes that factual determination is correct. *See* 28 U.S.C. § 2254(e)(1). Because Petitioner was equivocal in wanting to testify, he did not demonstrate with reasonable probability that his testimony would have changed the outcome of trial. Accordingly, it was reasonable for the motion court to conclude Petitioner failed to demonstrate prejudice under *Strickland*.

Regarding Claim 18, Petitioner failed to call Dr. Logan at his initial state post-conviction hearing; thus, there was no evidence offered before the motion court as to whether Dr. Logan would have opined about Petitioner's mental state. (Court's Judgment, pp. 20-21). Because there was no evidence offered, the motion court concluded Petitioner failed to demonstrate his trial counsel was ineffective or that he was prejudiced. (*Id*. at 21). Petitioner offered no evidence to rebut the motion court's factual determinations; thus, the Court presumes they are correct. *See* 28 U.S.C. § 2254(e)(1). Because of the lack of evidence before the motion court, it was reasonable to conclude Petitioner failed to demonstrate ineffectiveness and prejudice. Thus, the motion court's application of *Strickland* was reasonable and granting Petitioner relief is not warranted.

The motion court also reasonably applied *Strickland* as to Claim 21. Before the motion court, Petitioner argued direct-appeal counsel was ineffective for failing to specifically describe why 266 exhibits should have been admitted at trial. (Motion Court's Judgment, p. 24). He also argued direct-appeal counsel should have requested leave to file a larger brief. (*Id*). The motion court denied Petitioner's claim. It noted initial state post-conviction counsel failed to argue specifically why 266 exhibits were admissible and found these exhibits to be cumulative of other admitted evidence. (*Id*. at 24-25). Additionally, the motion court concluded Petitioner failed to demonstrate with reasonable probability that the trial court abused its discretion in failing to admit this evidence and failed to show the Missouri Supreme Court would have permitted the filing of an oversized brief. (*Id*.). Ultimately, the motion court concluded Petitioner failed to demonstrate he was prejudiced by direct-appeal counsel's alleged ineffectiveness. (*Id*. at 26). The motion court's factual determinations are presumed correct. *See* 28 U.S.C. § 2254(e)(1). Based on the facts before the motion court, it was reasonable to conclude Petitioner was not

prejudiced because the exhibits were cumulative and there was no reasonable probability admitting them or allowing more briefing would have altered the outcome. Therefore, the motion court reasonably applied *Strickland* and relief is not warranted.

Finally, regarding Claim 22, the motion court's application of *Strickland* was reasonable. On direct appeal and before the motion court, no evidence was presented regarding Lent's testimony and whether it was an improper expert opinion. (Motion Court's Judgment, p. 31). Without any evidence offered at either level that Lent's testimony was improper, the motion court could not conclude whether direct-appeal counsel was ineffective for failing to preserve this claim. (*Id*. at 31). The motion court also concluded that trial counsel's objection to Lent's testimony was meritless. (*Id*. at 32). Thus, the motion court concluded Petitioner would have failed to demonstrate prejudice. (*Id*.). Due to the lack of evidence before the motion court, it was reasonable to conclude Petitioner failed to show ineffectiveness and prejudice. Therefore, the motion court's application of *Strickland* was reasonable and Petitioner is not entitled to relief.

Accordingly, even though this Court denied Petitioner habeas relief on procedural grounds, habeas relief would not have been warranted under AEDPA because the motion court reasonably applied *Strickland* to Petitioner's Claims 17, 18, 21, and 22. Accordingly, Rule 60(b)(6) relief is not proper.

### E.  Petitioner's Request to File a Supplemental Petition is Not Appropriate

Under 28 U.S.C. § 2244(b)(3)(A), to properly submit a successive petition for writ of habeas corpus, Petitioner must request from the Eighth Circuit an order authorizing this Court to consider his successive petition. Petitioner has not made such a request to the Eighth Circuit. Accordingly, considering a successive petition is not proper.

## CONCLUSION

prejudiced because the exhibits were cumulative and there was no reasonable probability admitting them or allowing more briefing would have altered the outcome. Therefore, the motion court reasonably applied *Strickland* and relief is not warranted.

Finally, regarding Claim 22, the motion court's application of *Strickland* was reasonable. On direct appeal and before the motion court, no evidence was presented regarding Lent's testimony and whether it was an improper expert opinion. (Motion Court's Judgment, p. 31). Without any evidence offered at either level that Lent's testimony was improper, the motion court could not conclude whether direct-appeal counsel was ineffective for failing to preserve this claim. (*Id*. at 31). The motion court also concluded that trial counsel's objection to Lent's testimony was meritless. (*Id*. at 32). Thus, the motion court concluded Petitioner would have failed to demonstrate prejudice. (*Id*.). Due to the lack of evidence before the motion court, it was reasonable to conclude Petitioner failed to show ineffectiveness and prejudice. Therefore, the motion court's application of *Strickland* was reasonable and Petitioner is not entitled to relief.

Accordingly, even though this Court denied Petitioner habeas relief on procedural grounds, habeas relief would not have been warranted under AEDPA because the motion court reasonably applied *Strickland* to Petitioner's Claims 17, 18, 21, and 22. Accordingly, Rule 60(b)(6) relief is not proper.

### E.  Petitioner's Request to File a Supplemental Petition is Not Appropriate

Under 28 U.S.C. § 2244(b)(3)(A), to properly submit a successive petition for writ of habeas corpus, Petitioner must request from the Eighth Circuit an order authorizing this Court to consider his successive petition. Petitioner has not made such a request to the Eighth Circuit. Accordingly, considering a successive petition is not proper.

## CONCLUSION

Case 4:03-cv-08001-GAF   Document 56   Filed 08/19/13   Page 12 of 13

Petitioner failed to show that extraordinary circumstances exist to grant him relief under Rule 60(b)(6) because Petitioner failed to demonstrate that *Martinez* applies to his case to overcome his procedural default. Additionally, Rule 60(b) relief is not warranted because the Court's denial of his initial Petition was proper in that the Missouri state court reasonably applied federal law as required by AEDPA. Finally, granting Petitioner's request to file a supplemental petition is not appropriate because Petitioner did not request an order from the Eighth Circuit. Accordingly, for these reasons and the reasons set forth above, Petitioner's Motion for Relief is DENIED and Petitioner's request to file a supplemental petition is DENIED. **IT IS SO ORDERED.**

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 19, 2013